CASE 70—PETITION EQUITY—DECEMBER 12.

## Huss v. Rice, &c.

APPEAL FROM SHELBY CIRCUIT COURT.

1. RIGHT OF SURETY IN NOTE EXECUTED BY ADMINISTRATOR—SUBSTITUTION.—Where an administrator with the will annexed appropriated to his own use the personal estate of the testator instead of applying it to the payment of a debt against the estate, and then executed his own note for the debt, for which he received credit in his settlement, he thereby made the debt his own, and the surety in the note executed by him, who was also surety in his bond as administrator, can not look for protection or re-imbursement to land devised by the testator. Under the circumstances no equity arises in favor of the surety authorizing him to look to the land, and he can not be substituted to any right of the creditor against the estate because no such right exists.

2. SURETIES.—A surety may sue in equity to compel his principal to discharge the debt.

G. G. GILBERT AND GILBERT & FOREE FOR APPELLANT.

1. An administrator is guilty of devistavit and personally liable when he turns over the personal property to the heirs, although he did not know of the creditor's claim. (Johnson, &c., v. Fuqua, 1 Dana, 514; Commonwealth v. Richardson, 8 B. M., 87; McCallis v. Patterson, 18 B. M., 210.)

Huss v. Rice, &c.

2. When the executor and all parties believe, in good faith, that land is chargeable with the debts of the testator, and the executor pays the debts, the legatee may be made to refund and the landed estate received by him subjected. (McCampbell v. McCampbell, 5 Littell, 96; Gen. Stats., chap. 44, art. 1, sec. 8; Macey's Ex. v. Farwick's Adm'r, 4 B. M., 309.)

3. When a *feme covert* signs a writing by which she might bind her estate it is presumed that she intended to bind it and it may be subjected. (Singer Mfg. Co. v. Harned, &c., 79 Ky., 280; Baird, &c., v. Browning, &c., 84 Ky., 650; Bell, &c., v. Kellar, 13 B. M., 383; Sweeney v. Smith, 15 B. M., 327; 16 B. M., 376; 7 B. M., 293.)

4. A surety may institute an action to compel his principal to pay the debt. (Civil Code, sec. 661; Brandt on Suretyship and Guaranty, secs. 192–3; Clay & Craig v. Hart, 7 Dana, 11.)

5. Notwithstanding the administrator may have been guilty of devistavit yet if he pay a debt of the estate in good faith he is entitled to be reimbursed out of the property received by the heir. (Buford v. McKee, 3 B. M., 227; Buford v. Pawling, 5 Dana, 287; 10 Ky. L. R., 726; 8 Ky. L. R., 416; 3 Ky. L. R., 796; Salter, &c., v. Salter, &c., 6 Bush, 624; Young v. Wickliff, 7 Dana, 447; Hobb & Churchill v. Middleton, 1 J. J. M., 178; King's Heirs v. Morris & Snell, 2 B. M., 103.)

L. C. WILLIS FOR APPELLEES.

1. The execution of a new note in lieu of an old one, where only a part of the obligors in the first signed the second, creates a new debt in satisfaction of the old. (Smith v. Young, 11 Bush, 393; 1 Dana, 83; Bullin, &c., v. Gillicudy, 2 Dana, 91; Fitzpatrick v. Apperson, 79 Ky., 272.)

2. The execution of a renewal note by different parties to a different payee discharges the obligors on the old note. (Breckinridge v. Churchill, &c., 3 J. J. M., 12; Stone v. McConnell, 1 Duvall, 56.)

3. The judgment of a court having jurisdiction is binding until reversed. (Schonler's Executors and Administrators, sec. 528.)

4. A surety's right of subrogation is confined to the rights and securities growing out of the contract for which he was surety. (Flannery v. Utley, 8 Ky. L. R., 776.)

J. C. BECKHAM, L. A. WEAKLEY OF COUNSEL FOR APPELLEES.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The will of Anthony Middleton charged his personal estate with the payment of his debts and left the remainder of his entire property to his daughter, the appellee, Bettie

Rice, for life, as her separate estate, with remainder to her children. He was the owner at his death of over five hundred acres of land, and if not virtually admitted it is proven beyond question that the personalty was more than sufficient to pay his debts.

The appellee, James H. Rice, who is the husband of Bettie Rice, became the administrator, with the will annexed, with the appellant, M. W. Huss, as his surety for the proper execution of the trust.

The testator at his death owed a debt to one Graham for about one thousand dollars. There is evidence tending to show that Rice and wife were also obligors in the note, but this is immaterial as it is quite certain it was the testator's debt. The administrator, instead of selling enough of the personalty to pay this debt, as was his duty, settled it and obtained the note by giving a new note in place of it, signed by himself and his wife. It is uncertain from the evidence which of them first signed it. The husband, however, obtained credit by the note thus taken up in his settlement as administrator, and it was confirmed by the judgment of the county court.

Subsequent to all this, Graham having died, Rice and wife executed to his executrix a new note in lieu of the one they alone had executed, the husband's name being first signed to it, and upon this note the appellant, Huss, became surety. This is a suit by him to compel Rice and wife to pay the note, which is yet held by Graham's executrix, and to subject enough of the land, left to the wife for life as her separate estate and then to her children, to satisfy it. The lower court granted this relief as against James H. Rice, but refused to subject the land and dismissed the action as to Bettie Rice and her chil-

dren. It is beyond question that a surety may sue in equity to compel his principal to discharge the debt.

It is disputed and the evidence is conflicting whether the husband got the benefit of the unsold personalty or whether the wife and children did, or whether it was appropriated to the use and benefit of all of them. It remained upon the farm left by the testator, and there is evidence showing that several years after his death a lot of personalty, but perhaps not a part of the identical property left by him, was sold by an officer for the debts of James H. Rice. In any event it is certain the husband took control of it and that he failed to sell it, although he was the administrator.

It is contended, first, that the note now held by Graham's executrix is the debt of Bettie Rice, and that her separate estate, to-wit: her life interest in the land, should be subjected to its payment; and if this be not so, then, secondly, that it is in fact yet a debt for which the entire estate of Anthony Middleton is liable.

The appellant's pleadings do not support the first ground of contention. His petition does not appear to seek relief for that reason. It is not averred that when the husband and wife gave their note alone that it was the debt of the wife, or that the credit was given to her, or that she received the benefit of it. The contrary is in effect stated, because it is averred that the husband got credit by the note then taken up in his settlement as administrator.

Turning from the pleading to the proof, it was a question of fact whether it was really the debt of Mrs. Rice or her husband. The chancellor has found that it was his debt, and the evidence being at least conflicting, his judg-

ment should not be disturbed. Certain it is that the husband, as administrator, got credit by it, and, but for doing so, he and the appellant, as his surety upon his administrator's bond, would have been responsible for it.

Undoubtedly, the appellant's case proceeds, mainly at least, upon the idea that the land should be subjected to the payment of the debt upon the ground that the devisees got the benefit of the estate which should have been applied to its payment, and that in an equitable view it is, as to the land, still to be regarded as the debt of the estate.

Under the circumstances of this case, however, we do not see how any enforceable equity arises in behalf of the security. Undoubtedly if a personal representative in good faith pays a creditor he may recover to that extent of the distributee. He may do so, although the distributee may have parted with what he received. Our statute authorizes such relief, and it is now said that if the personal representative is entitled to this relief, certainly a surety for a debt owing by the estate is entitled to be substituted to it.

In this case, however, the surety is met by the fact that the administrator, upon whose bond he became surety, and thus enabled him to become such representative, received credit in his settlement for the payment of the debt; retained the property which the testator had specially directed should be used in its payment, and, as the chancellor has found, in fact appropriated it to his own use. The administrator certainly could not, upon payment of the debt, look to the land for re-imbursement. He not only failed to do his duty by appropriating the personalty to the payment of the debt, but, as the chan-

cellor has found, kept the property and got credit for the debt in his settlement as administrator.  He not only so acted as to deprive himself of the right to look to the land for its payment, but by getting credit for it in his settlement and retaining the personalty made it his own debt.  The appellant, by becoming surety upon his bond as administrator, enabled him to do this; and while a hardship may exist, yet no right exists, and no equity arises under these circumstances in his favor authorizing him to look to the land for protection or re-imbursement.

He can not be substituted to any right of Graham or his executrix as against the estate, because no such right exists.

Judgment affirmed.